## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0139** (Harrison County 11-F-123)

**Deborah Nunley,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Jonathan Fittro, arises from the Circuit Court of Harrison County, wherein she was sentenced to consecutive terms of twenty years of incarceration and one to five years of incarceration following her conviction, by jury, of first degree robbery and conspiracy to commit first degree robbery. That order was entered on December 14, 2011. The State, by counsel Laura Young, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a robbery at Dry Cleaning World in Bridgeport, West Virginia, petitioner was indicted on one count of first degree robbery and one count of conspiracy to commit first degree robbery. After a two-day jury trial, petitioner was convicted of both counts and sentenced as outlined above. On appeal, petitioner alleges that the circuit court erred in admitting the testimony of witness Joseph Helms. According to petitioner, this witness recanted a statement regarding petitioner prior to trial. Petitioner also argues that the testimony elicited from Mr. Helms at trial was irrelevant and highly prejudicial. In response, the State argues that the witness's testimony concerning the petitioner's suspicious behavior at his home and her economic problems was relevant, probative, and properly admitted into evidence.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). Upon our

review, we find no abuse of discretion in the circuit court allowing the witness's testimony over petitioner's objection because the probative value outweighed the alleged unfair prejudice to petitioner.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

2